-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

HERBERT CHANDLER, 98-B-0758,

        Petitioner,

     v.                                    **ORDER**
                                           05-CV-0432F

SUPERINTENDENT ROY A GIRDICH,

        Respondent.

─────────────────────────────────

      Petitioner has applied to the Court for appointment of counsel. (Docket No. 29). Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Moreover, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

      It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

      Appointment of counsel is within the judge's discretion, *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law. Specifically, there is no showing at this time that an

evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. The petition is based on the claim that he has an audio tape wherein another individual confesses to the crimes for which petitioner was convicted. It does not appear at this time that petitioner needs the assistance of counsel to present this claim, which appears to be ones which can be addressed and reviewed solely by means of the record already before the Court. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. 28 U.S.C. § 1654.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:	September 26, 2005
	Buffalo, New York