UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HERBERT CHANDLER,

                        Petitioner,

    v.

SUPERINTENDENT ROY A. GIRDICH,

                        Respondent.

**DECISION**
and
**ORDER**

04-CV-432F
(consent)

---

APPEARANCES:        HERBERT CHANDLER, *Pro Se*
                               Great Meadow Correctional Facility
                               Post Office Box 51
                               Comstock, New York 12821

                               FRANK J. CLARK
                               Erie County District Attorney
                               Attorney for Respondent
                               RAYMOND C. HERMAN
                               Assistant District Attorney, of Counsel
                               25 Delaware Avenue
                               Buffalo, New York 14202

      This action is before the undersigned pursuant to the standing order of the Western District of New York, filed October 22, 1997, pursuant to which a magistrate judge has jurisdiction with regard to nondispositive motions over a habeas corpus petition, directly assigned to magistrate judge, unless the parties refuse or fail to consent to proceed before the magistrate judge.  There being no indication in the record that the parties to this action have withheld such consent, the undersigned has jurisdiction over nondispositive motions.  The matter is presently before the court on Petitioner's motions filed January 7, 2005 (Doc. No. 6), and May 6, 2005 (Doc. No. 17), to be released on bail pending resolution of his petition seeking habeas relief.

Petitioner commenced this action on June 10, 2004, *pro se*, seeking habeas relief pursuant to 28 U.S.C. § 2254. Petitioner specifically challenges his February 10, 1998 conviction in New York Supreme Court, Erie County, of one count of Burglary in the Second Degree in violation of N.Y. Penal Law[1] § 140.25(2) two counts of Criminal Possession of Stolen Property in the Fourth Degree in violation of N.Y. Penal Law § 165.45(1), and one count of Unauthorized Use of a Vehicle in the Third Degree in violation of N.Y. Penal Law § 145.00(1). On April 8, 1998, Petitioner was sentenced as a second felony offender to a term of incarceration of 15 years on the burglary conviction, and to lesser terms on the remaining counts, all terms to run concurrently.

On March 29, 2000, Petitioner commenced an action pursuant to 28 U.S.C. § 2254 seeking habeas relief with regard to the conviction. The petition was denied on March 10, 2003.

On April 1, 2003, Petitioner moved in New York Supreme Court, Erie County, to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 (McKinney's 2005), alleging that on August 3, 2002, Petitioner was informed by a corrections officer that the officer was in possession of an audio tape in which another person confessed to the crimes for which Petitioner was convicted on February 10, 1998. On July 21, 2003, the motion was denied. Petitioner's request for permission to appeal to New York Supreme Court, Appellate Division, Fourth Department was denied.

On June 18, 1002, the instant petition was transferred to the Second Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, for a determination as to whether the

---

[1] References to N. Y. Penal Law are to New York Penal Law, vol. 39 Consolidated Laws of New York, McKinney's 1999.

district court was authorized to consider the instant petition, which is a second or successive petition with respect to the same conviction. By order filed September 28, 2004, the Second Circuit granted the application, finding that the instant petition meets the criteria set forth in 28 U.S.C. § 2244 for consideration of a second or successive petition relative to the same conviction.

On January 7, 2005 and May 6, 2005, Petitioner filed essentially identical motions seeking to be released on bail pending determination of the instant habeas petition. Each motion is supported by an affidavit by Petitioner, filed January 7, 2005 (Doc. No. 9) ("Petitioner's First Affidavit"), and May 6, 2005 (Doc. No. 19) ("Petitioner's Second Affidavit"). Respondent filed in opposition to each motion an affidavit by Assistant Erie County District Attorney J. Michael Marion, on Feburary 1, 2005 (Doc. No. 10) ("First Marion Affidavit"), and on June 16, 2006 (Doc. No. 24) ("Second Marion Affidavit"). On July 5, 2005, Petitioner filed a Reply Affidavit in further support of the motions for release on bail (Doc. No. 26) ("Petitioner's Reply Affidavit"). Oral argument was deemed unnecessary. For the following reasons, the motions to be released on bail are denied.

"In a habeas corpus proceeding following a state court conviction, a federal court has discretionary authority to grant bail." *Ketchum v. Ward*, 391 F.Supp. 332, 334 (W.D.N.Y. 1975) (citing cases). However, in exercising its discretion, the court, "in the absence of exceptional circumstances . . . will not grant bail prior to the ultimate final decision unless the petitioner presents not merely a clear case on the law, but a clear, and readily evident, case on the facts." *Ketchum, surpa*, at 335 (citing *Benson v. California*, 328 F.2d 159 (9th Cir. 1964)).

In the instant case, Petitioner asserts in support of his motions to be released on bail that the Erie County District Attorney is in possession of an audio tape, received from a corrections officer, which proves petitioner is innocent of the crimes for which he was convicted on February 10, 1998.  Petitioner's First Affidavit ¶ 4; Petitioner's Second Affidavit ¶ 3.  According to Petitioner, the corrections officer who informed Petitioner about the audio tape told Petitioner that on the tape, the complainant in the criminal action underlying Petitioner's February 10, 1998 conviction states that a person named "Eric" apologized to the complainant for breaking into the complainant's home and returned a set of keys taken from the home during the burglary.  *Id*.  Petitioner also states that the complainant "has been fighting for petitioner's release ever since he found out petitioner could not have committed the burglary." *Id*.  Petitioner maintains that there is "a good likelihood" that the audio tape will prove his innocence and that several Assistant Erie County District Attorneys' names are heard on the tape. *Id*.

Respondent, in opposing the motions for bail, points to the fact that Petitioner cannot establish the existence of any such audio tape, nor has Petitioner submitted any affidavit from anyone supposedly in possession of such tape.  First Marion Affidavit ¶ 9; Second Marion Affidavit ¶ 9.  In further support of the motions to be released on bail, Petitioner makes various statements asserting that various corrections officers and Assistant District Attorneys have been in possession of the tape.  Petitioner's Reply Affidavit ¶¶ 7-12.

Here, the only evidence in the record regarding the existence of the alleged audio tape is Petitioner's conclusory assertions.  Significantly, Petitioner has not provided any affidavit from the "Complainant" he maintains has been working to obtain

4

Petitioner's release ever since having been made aware of the alleged audio tape's existence.  As such, the court, in exercising its discretion, finds that Petitioner has failed to present "not merely a clear case on the law, but a clear, and readily evident, case on the facts."  *Ketchum, surpa*, at 335.  Even if such audio tape exists, it would not *per se* establish Petitioner's innocence, nor the merits of any of Plaintiff's asserted constitutional violations directed to his trial and sentence.  Accordingly, the motions for release on bail (Doc. Nos. 7 and 17) are DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 30, 2005
         Buffalo, New York