UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HERBERT CHANDLER,

              Petitioner,                                        **ORDER**
                                                                       **No. 04-CV-432(JTE)(VEB)**

    -vs-

SUPERINTENDENT ROY A. GIRDICH,

              Respondent.

_____

       Herbert Chandler ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about June 10, 2004, challenging his conviction in Erie County Supreme Court for second degree burglary; criminal possession of stolen property, for which he was sentenced to a determinate sentence of fifteen years. *See* Docket Nos. 1; 34.  Petitioner filed his first motion for the appointment of counsel on or about January 7, 2005 (Docket No. 6), which was opposed by Respondent. The Court (Skretny, D.J.) denied the motion for counsel and ordered Respondent to answer the petition. *See* Docket No. 11.  Issue was joined on or about April 18, 2005, when Respondent filed its answer and memorandum of law in opposition. *See* Docket Nos. 14, 15. Petitioner filed his second motion to appoint counsel on or about May 6, 2005. *See* Docket No. 16.  The Court (Foschio, M.J.) denied the motion to appoint counsel on May 26, 2005. *See* Docket No. 21. Petitioner filed his third motion to appoint counsel on or about September 9, 2005. *See* Docket No. 29. The Court (Foschio, M.J.) denied the motion to appoint counsel on September 30, 2005. *See* Docket No. 31.

       On November 16, 2006, this matter was referred to the undersigned from Magistrate

Judge Foschio. *See* Docket No. 33. On or about March 2, 2007, Petitioner filed his fourth motion to appoint counsel, *see* Docket No. 34, because he states that he needs the assistance of an attorney to transcribe an audiotape of another person allegedly confessing to his crime. *See* Docket No. 34. Petitioner contends that the district attorney's office "had refuse[d] to allow petitioner to review [the audiotape which] was turned over to him by the department of corrections." Docket No. 34. Petitioner "would . . . like to have this audio tape transcribed for the record and the Court," and would like to have counsel appointed to assist him. *See* Docket No. 34.

In *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), the Second Circuit set forth the following guiding principles for determining a district court may appoint counsel under 28 U.S.C. § 1915(d) for indigents in civil cases, such as petitions for a writ of habeas corpus under 28 U.S.C. § 2254:

> Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision. *Miller v. Pleasure*, 296 F.2d 283, 284 (2d Cir. 1961), *cert. denied*, 370 U.S. 964 (1962). But that does not mean that a court can do whatever it pleases. A court must exercise its discretion in accordance with sound legal principles, and its decision is subject to review for abuse of that discretion. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416 (1975); *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (1983).
> Clear legal principles in this circuit governing § 1915(d) appointment of counsel are few. Of course, the statute must be understood to guarantee indigents 'meaningful access' to the courts as required by the Constitution, *Bounds v. Smith*, 430 U.S. 817, 823 (1977), but no court has yet held 'meaningful access' to mean that indigents must always be supplied with counsel in civil as well as criminal cases. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir.1984). In this circuit, *Miller v. Pleasure* held that where 'the plaintiff's claims are so highly dubious that a judge cannot properly ask a member of the bar to assume this thankless burden,' appointment of counsel is properly denied. 296 F.2d at 285. In habeas corpus cases, counsel must be appointed for qualified indigents when a hearing is required; the court may appoint counsel at an earlier stage if it deems appointment desirable. Rules Governing Section 2254 Cases in the United States District

> Courts, Rule 8(c) and Advisory Committee Notes.
>
> . . .
>
> As a threshold matter . . . the district court must consider the merits of the indigent's claim. 'Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim.' 650 F.2d at 887 (citing *Miller*, 296 F.2d 283). As indicated above, this is already part of the law in this circuit, and it is a requirement that must be taken seriously. If mere bald assertions by an indigent, which technically put a fact in issue and suffice to avert summary judgment, required appointment of an attorney under § 1915(d), the demand for such representation could be overwhelming.

*Hodge*, 802 F.2d at 60; *accord*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir.1988).

It is clear that *Hodge* is dispositive of this issue and the Court believes that it would be an abuse of its discretion to appoint counsel in this case. Looking at the merits of the claim for which Petitioner desires the assistance of counsel, as directed by *Hodge*, 802 F.2d at 60, he is alleging a claim of newly discovered evidence of actual innocence. The Supreme Court has explained that "newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("Where newly discovered evidence is alleged in a habeas application, evidence which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing. Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus. Also, the district judge is under no obligation to grant a hearing upon a frivolous or incredible allegation of newly discovered evidence."), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992); *accord, e.g.*, *Herrera v. Collins*,

506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an *independent constitutional violation* occurring in the course of the underlying state criminal proceeding.") (emphasis supplied). Moreover, a federal habeas court is not "permit[ted] . . . to make its own subjective determination of guilt or innocence." *Jackson v. Virginia*, 443 U.S. 307, 320 n. 13 (1979) (quoted in *Herrera*, 506 U.S. at 402).

In *Herrera*, a capital murder case, the petitioner presented what he believed to be newly discovered evidence of his actual innocence–an affidavit by another individual stating that he, not Herrera, had committed the murder for which Herrera had been convicted and sentenced to the death penalty. The Supreme Court rejected petitioner's claim because he was not properly invoking the "fundamental miscarriage of justice exception," which is only a gateway through a which a petitioner passes to bring an independent constitutional claim challenging his conviction or sentence. 506 U.S. at 403 ("But this body of our habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."). Petitioner in *Herrera* merely "argue[d] that he is entitled to habeas relief because newly discovered evidence shows that his conviction is factually incorrect." *Id.* at 404. The Supreme Court, however, has "never held that it extends to freestanding claims of actual innocence[,]" *id.* at 404-05, and therefore, the fundamental miscarriage of justice exception was "inapplicable[.]" *id.* at 405. As in *Herrera*, Petitioner here has not alleged any independent constitutional error–merely that he is "entitled to habeas relief because newly discovered evidence shows that his conviction is factually incorrect, *Herrera*, 506 U.S. at 403." In the context of the death penalty, the Supreme Court held the petitioner was not entitled to relief upon

this line of reasoning. *A fortiori*, in the non-capital context, it does not appear that Petitioner's claim that his conviction is factually incorrect will provide a basis for habeas relief. *See id.*

Based upon the Second Circuit's instructions in *Hodge*, 802 F.2d at 60, the Court finds that it would be an abuse of discretion to appoint counsel to present the claim of newly discovered evidence based upon the audiotape. The Court notes that it is determining only whether appointment of counsel is warranted at this time; it is not issuing any final recommendation on the merits of Petitioner's claim based on the audiotape. When the Court takes Petitioner's petition under advisement, the Court will revisit Petitioner's motion for counsel. At that time, upon reconsideration, if it determines that counsel is warranted, it will issue an appropriate order. It is Petitioner's responsibility to retain an attorney or continue forward with this lawsuit *pro se*. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Nevertheless, in order to assist Petitioner in pursuing this case *pro se*, the Clerk of the Court is directed to send Petitioner the Court's booklet entitled *Pro Se* Litigation Guidelines.

Petitioner's motion (Docket No. 34) is **DENIED** without prejudice at this time. Petitioner is advised, however, that additional motions for appointment of counsel based upon the same factual and legal grounds as his previous four motions for appointment of counsel will be viewed by the Court as meritless, frivolous, vexatious and repetitive. *See In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    April __, 2007
          Buffalo, New York.

-6-

-6-